# IN THE UNITED STATES DISTRICT COURT FOR THE
## SOUTHERN DISTRICT OF MISSISSIPPI
## SOUTHERN DIVISION

**JACOB CARPENTER**                                                 **PLAINTIFF**

**V.**                                   **CIVIL ACTION NO. 1:23-cv-00344-HSO-BWR**

**KINSALE INSURANCE COMPANY**                               **DEFENDANT**

## ANSWER TO COMPLAINT

**COMES NOW**, Defendant, Kinsale Insurance Company ("Kinsale"), by and through undersigned counsel, hereby submits its Answer and Defenses to Plaintiff's Complaint and states as follows:

## FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendants and therefore should be dismissed with prejudice. In the alternative, the Complaint fails to state a claim upon which relief can be granted in the form of punitive damages.

## SECOND DEFENSE

Defendant asserts all defenses to which they are or may be entitled to under Fed.R.Civ.P. 12(b).

## THIRD DEFENSE

Defendant asserts all affirmative defenses that are or may become available to them (upon further investigation or discovery) under Fed.R.Civ.P. 8(c).

## FOURTH DEFENSE

Plaintiff's damages, if any, did not proximately result from the conduct of Defendant.

**FIFTH DEFENSE**

Kinsale pleads and incorporates by reference all terms, conditions, limitations and exclusions of Policy No. 0100049971-3 ("Policy"), as if copied herein *in extenso*, expressly including, but not limited to, the limits of liability set forth therein.

**SIXTH DEFENSE**

Kinsale has at all times acted in good faith and consistently with its legal obligations as set forth in the Policy and applicable law and regulations

**SEVENTH DEFENSE**

Kinsale's liability may be barred, limited, or reduced to the extent of Plaintiff's insurable interest, if any.

**EIGHTH DEFENSE**

The Policy does not provide coverage for any alleged damage or losses occurring outside the period of the Policy.

**TENTH DEFENSE**

There is no coverage afforded under the Policy to the extent any insured has failed to comply with the terms and conditions of the Policy.

**ELEVENTH DEFENSE**

The claims against Kinsale may be barred, limited, or otherwise subject to offset to the extent that any insured has recovered all or a part of its damages from any other person, party, insurer, or other source of funding.

**TWELFTH DEFENSE**

The claims against Kinsale may be barred, limited or reduced to the extent that Plaintiff's alleged damages were caused by prior and/or subsequent and/or separate events or occurrences.

**THIRTEENTH DEFENSE**

The claims against Kinsale may be barred, limited or reduced to the extent Plaintiff seeks to recover damages that pre-dated and/or pre-existed the subject incident; and/or are the result of separate and distinct incidents; and/or were caused by wear and tear and deterioration.

**FOURTEENTH DEFENSE**

The claims against Kinsale may be barred, limited or reduced to the extent that the insured failed to mitigate damages, preserve damaged property or otherwise limit the extent of loss or damage.

**FIFTEENTH DEFENSE**

The claims against Kinsale may be barred, limited, or otherwise subject to provisions pertaining to organic pathogens, mold, fungus and/or bacteria.

**SIXTEENTH DEFENSE**

The claims against Kinsale may be barred, limited or reduced under Policy provisions pertaining to retentions, deductibles and/or limits of liability.

**SEVENTEENTH DEFENSE**

The claims against Kinsale may be barred, limited or reduced under the doctrines of estoppel, laches and/or unclean hands.

**EIGHTEENTH DEFENSE**

The claims against Kinsale may be barred, limited or reduced to the extent that the insured has concealed or misrepresented facts, engaged in fraudulent conduct or has made false statement.

**NINETEENTH DEFENSE**

Kinsale pleads all terms, conditions, limitations and exclusions of the Policy all of which are incorporated by reference herein as if set forth in full, and avers that any such provision found to be applicable or pertinent to the claims raised may be asserted by Kinsale in defense of the claims.

**TWENTIETH DEFENSE**

Without waiver of any of the defenses asserted herein, Kinsale responds to the specific allegations of the Complaint as follows:

### I.    DISCOVERY CONTROL PLAN

**1.**

The allegations contained in Paragraph 1 of Plaintiff's Complaint are denied.

### II.    PARTIES

**2.**

Upon information and belief, the allegations contained in Paragraph 2 of Plaintiff's Complaint are admitted.

**3.**

Kinsale denies that it is domiciled in the State of Virginia. Kinsale is organized under the laws of the State of Arkansas with a principle place of business in the Commonwealth of Virginia. Kinsale further admits that it is an eligible non-admitted insurer in the State of Mississippi. The remaining allegations contained in Paragraph 3 of Plaintiff's Complaint are denied.

### III.     VENUE AND JURISDICTION

**4.**

The allegations contained in Paragraph 4 of Plaintiff's Complaint are denied.

### IV.     RELEVANT FACTS

**5.**

Kinsale without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and, accordingly, the allegations are denied.

**6.**

Kinsale admits that it issued a policy of insurance bearing Policy No. 0100054773 for the property located at 28A Dekalb O'Neill Road, Perkinston, MS 39573. Kinsale asserts that the terms and conditions of the Policy speak for themselves and denies any allegations that are contrary to the terms and conditions of the Policy.

**7.**

The allegations contained in Paragraph 7 of Plaintiff's Complaint are admitted.

**8.**

The allegations contained in Paragraph 8 of Plaintiff's Complaint are denied.

**9.**

Kinsale admits that Plaintiff notified Kinsale of the loss and that the Claim No. is 00020288.

**10.**

Kinsale admits that the property was inspected for damages on or about November 5, 2020. The remaining allegations contained in Paragraph 10 of Plaintiff's Complaint are denied.

**11.**

The allegations contained in Paragraph 11 of Plaintiff's Complaint are statements of law for which no response is required. To the extent a response is required, the allegations contained in Paragraph 11 of Plaintiff's Complaint are denied.

**12.**

Kinsale admits that Plaintiff retained Exact Building Consultants, Inc. The allegations contained in Paragraph 12 of Plaintiff's Complaint are denied.

**13.**

Kinsale admits that it has received an estimate from the insured prepared by Exact Building Consultants, Inc. in the amount of $174,619.45. However, Kinsale denies that the residence premises has sustained damages in the amount alleged by the Plaintiff.

**14.**

The allegations contained in Paragraph 14 of Plaintiff's Complaint are statements of law for which no response is required. To the extent a response is required, the allegations contained in Paragraph 14 of Plaintiff's Complaint are denied.

**15.**

The allegations contained in Paragraph 15 of Plaintiff's Complaint are admitted.

**16.**

The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

**17.**

The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

**18.**

The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

**19.**

The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

**20.**

The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

**21.**

The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

**22.**

The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

**23.**

The allegations contained in Paragraph 23 of Plaintiff's Complaint are denied.

**24.**

The allegations contained in Paragraph 24 of Plaintiff's Complaint are denied.

**25.**

The allegations contained in Paragraph 25 of Plaintiff's Complaint are denied.

**26.**

The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied.

**27.**

The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

## V. CAUSES OF ACTION

### A. Breach of Contract

**28.**

Kinsale adopts the responses to the foregoing paragraphs as if set forth fully herein.

**29.**

The allegations contained in Paragraph 29 of Plaintiff's Complaint are statements of law for which no response is required. To the extent a response is required, the allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

**30.**

The allegations contained in Paragraph 30 of Plaintiff's Complaint are denied.

**31.**

The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied, including all sub-parts.

**32.**

The allegations contained in Paragraph 32 of Plaintiff's Complaint are denied.

### B. Bad Faith

**33.**

Kinsale adopts the responses to the foregoing paragraphs as if set forth fully herein.

**34.**

The allegations contained in Paragraph 34 of Plaintiff's Complaint are statements of law for which no response is required. To the extent a response is required, the allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

**35.**

The allegations contained in Paragraph 35 of Plaintiff's Complaint are denied.

**36.**

The allegations contained in Paragraph 36 of Plaintiff's Complaint are denied.

**37.**

The allegations contained in Paragraph 37 of Plaintiff's Complaint are denied.

**38.**

The allegations contained in Paragraph 38 of Plaintiff's Complaint are denied.

**39.**

The allegations contained in Paragraph 39 of Plaintiff's Complaint are denied.

**40.**

The allegations contained in Paragraph 40 of Plaintiff's Complaint are denied.

**C. DAMAGES**

**41.**

Kinsale adopts the responses to the foregoing paragraphs as if set forth fully herein.

**42.**

The allegations contained in Paragraph 42 of Plaintiff's Complaint are denied, including all sub-parts.

## VI. JURY DEMAND

**43.**

The allegations contained in Paragraph 43 of Plaintiff's Complaint are denied.

## VII. PRAYER

Kinsale denies that Plaintiff is entitled to the relief sought in the unnumbered paragraph beginning "WHEREFORE, PREMISES CONSIDERED" on page 10 of Plaintiff's Complaint.

Every allegation in Plaintiff's Complaint that is not expressly admitted herein is hereby specifically and expressly denied.

WHEREFORE PREMISES CONSIDERED, Defendant Kinsale Insurance Company requests that the Court dismiss Plaintiff's Complaint against it with prejudice, taxing all costs to Plaintiff.

RESPECTFULLY SUBMITTED, this the 1st day of December, 2023.

/s/ B. Lyle Robinson
B. Lyle Robinson (MSB#: 100015)
TAYLOR, WELLONS, POLITZ & DUHE, LLC
100 Webster Circle, Suite 104
Madison, Mississippi 39110
Telephone: 769-300-2988
Facsimile: 769-300-2145
Email: lrobinson@twpdlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed a true and correct copy of the above and foregoing pleading via ECF, which notifies the following counsel of record:

Jason C. Webster
Webster Vicknair MacLeod
6200 Savoy Drive, Suite 150
Houston, Texas 77036
filing@thewebsterlawfirm.com

This, the 1st day of December, 2023.

                                                      */s/ B. Lyle Robinson*
                                                      B. Lyle Robinson